UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR MONEY LAUNDERING INVESTIGATION | ML No:  23-636 |

*Reference:*   DOJ Ref. # CRM-182-85869

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal.  In support of this application, the United States asserts:

RELEVANT FACTS

1.	The Competent Authority of Portugal, the Prosecutor General's Office, submitted a request for assistance (Request) to the United States, pursuant to the Convention on Cybercrime, Jan. 7, 2004, Council of Eur., T.I.A.S. No. 13174, C.E.T.S. No. 185 (Convention).

2.	As stated in the Request, the Public Prosecutor of the Third Case Section of the Department of Investigation and Criminal Proceedings of the Lisbon West District Court of Cascais, in Portugal, is investigating Vitor Miguel Lopes Ferreira, the company Coordenadas

Fidalgas, Unipessoal, Lda, and its manager Cheick F'anta Mady Dansoko for money laundering, aggravated fraud, and criminal association, which occurred from at least May 2021 through November 2021, in violation of the criminal law of Portugal, specifically, Articles 217, 218, 299, and 368-A of the Portuguese Penal Code.  Under the Convention, the United States is obligated to assist in response to the Request.

3. According to Portuguese authorities, several bank accounts in Portugal have been identified as receiving transfers from banks outside of Portugal, including from banks located in the United States, from individuals and entities who requested the reversal of the transfers as resulting from fraud.  The credit transactions were quickly followed by debit transactions which Portuguese authorities suspect were attempts to conceal the origin of the funds.

4. The Portuguese investigation has revealed that a victim company based in North Carolina, in the United States, was to pay invoices, totaling EUR 88,000, by transferring payment to an account held by a German company.  On May 11, 2021, the victim company transferred EUR 3,075 (approximately USD 3,742) to a Portuguese bank account, which was held by Vitor Ferreira and not by the German company.  The North Carolina company tried to reverse the transfer, but the funds had already been transferred and the account closed.

5. On November 19, 2021, a victim company based in Taiwan transferred USD 62,059.35 from account number XXXXXXXX6612 at Bank of New York Mellon, located in the United States, to a Portuguese bank account held by Coordenadas Figaldas.  When the Taiwanese company realized it was the victim of fraud, it requested a return of the transfer, and the Portuguese bank reported the transaction to Portuguese authorities as suspicious.  The bank account was frozen, and the balance was restrained.  When contacted by the bank, Cheick

Dansoko, on behalf of Coordenadas Figaldas, stated that the money was transferred as payment for the sale of two vehicles with Portuguese registrations.

6. On November 21, 2021, a third victim company transferred EUR 15,497.31 (approximately USD 17,484) from account number XXXXXX7110 at JPMorgan Chase Bank, N.A., located in the United States, to the Portuguese bank account held by Coordenadas Figaldas. The victim company requested the transfer be returned when it realized it was a victim of fraud.

7. To further the investigation, Portuguese authorities have asked U.S. authorities to provide bank records, including account holder information, pertaining to Bank of New York Melon account number XXXXXXXX6612 and to JPMorgan Chase Bank account number XXXXX7110, and to interview the account holder(s) and a representative of the company in North Carolina.

LEGAL BACKGROUND

8. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968). A multilateral convention is a treaty under U.S. law.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

3

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or to produce documents or other things;

---

assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

(2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in Portugal, and seeks assistance in the investigation of money laundering, aggravated fraud, and criminal association – criminal offenses in Portugal. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by Section 3512 and the Convention. Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Convention authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

15.   Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                            Respectfully submitted,

                                            VAUGHN A. ARY
                                            DIRECTOR
                                            OFFICE OF INTERNATIONAL AFFAIRS
                                            OK Bar Number 12199

By:            _____
                                            Susan P. Hunter
                                            Trial Attorney
                                            D.C. Bar Number 501430
                                            Office of International Affairs
                                            Criminal Division, Department of Justice
                                            1301 New York Avenue, N.W.
                                            Washington, D.C. 20530
                                            (202) 305-7822
                                            Susan.Hunter@usdoj.gov